Matthias, J.
The single question raised by this appeal is whether a board of trustees of a veterans memorial appointed by county commissioners is liable in tort for damages resulting from injuries sustained by a tenant living in a building acquired by the board as part of the site for the memorial.
Although the traditional sovereign immunity from suit arose as a result of judicial decision, such immunity is now constitutionally recognized in the Ohio Constitution by Section 16 of Article I, which reads in part as follows:
“Suits may be brought against the state, in such courts and in such manner, as may be provided by law.”
By recognizing the necessity of a constitutional provision to enable the passage of laws for actions against the state, the framers of the Constitution clearly recognized that the doctrine of sovereign immunity is a part of the substantive laws of our state and made the abrogation of such immunity primarily a legislative function.
Although such provision is now in our Constitution, it is not self-executing but requires the passage of legislation to activate it. Wolf v. Ohio State University Hospital, 170 Ohio St., 49, 162 N. E. (2d), 475.
Therefore, in the absence of statutory authorization, the state and its instrumentalities are completely immune from suit.
This brings us to the question as to whether such immunity extends to a county.
The sovereign immunity of counties was early recognized in Board of Commrs. of Hamilton County v. Mighels, 7 Ohio St., 110, wherein the syllabus states:
“The board of commissioners of a county are not liable, in their quasi corporate capacity, either by statute or at common law, to an action for damages for injury resulting to a private party by their negligence, in the discharge of their official functions.”
Plaintiff urges that a county stands in the same position *230 and is liable to the same extent as a municipal corporation. In this regard, plaintiff fails to recognize that a county is a subdivision of the state, organized for judicial and political purposes. It is not a legal person or a separate political entity. A municipal corporation, on the other hand, is a corporation invested with certain powers of a private or proprietary nature. These distinctions were well expressed by Judge Brinkerhoff in Board of Commrs. of Hamilton County v. Mighels, supra, 118, 119, which expressions were quoted as follows and approved by Turner, J., in State, ex rel. Ranz, v. City of Youngstown, 140 Ohio St., 477, 483, 45 N. E. (2d), 767:
“ * * municipal corporations proper are called into existence, either at the direct solicitation or by the free consent of the people who compose them.
“ ‘Counties are local subdivisions of a state, created by the sovereign power of the state, of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them. The former organization is asked for, or at least assented to by the people it embraces; the latter is superimposed by a sovereign and paramount authority.
“ ‘A municipal corporation proper is created mainly for the interest, advantage, and convenience of the locality and its people; a county organization is created almost exclusively with a view to the policy of the state at large, for purposes of political organization and civil administration, in matters of finance, of education, of provision for the poor, of military organization, of the means of travel and transport, and especially for the general administration of justice. With scarcely an exception, all the powers and functions of the county organization have a direct and exclusive reference to the general policy of the state, and are, in fact, but a branch of the general administration of that policy.’ ”
The General Assembly has clearly recognized the sovereign immunity of counties by enacting, pursuant to the provisions of Section 16 of Article I of the Ohio Constitution, Section 305.12, Revised Code, imposing liability on a county for negligence in failing to keep roads or bridges in repair. To this extent the sovereign immunity of a county has been abrogated.
Judge Spear in Board of County Commrs. v. Gates, 83 Ohio *231 St., 19, 30, 93 N. E., 255, clearly and succinctly stated the nature and the status of a county when he said:
“Another view would seem to be equally fatal to the claim of plaintiff in this case. We are dealing with a question of liability of a county, a claim to be made good, if at all, by taxation upon the property of the people at large.. Now a county is not a body corporate but rather a subordinate political division, an instrumentality of government, clothed with such powers and such only as are given by statute, and liable to such extent and such only as the statutes prescribe. The board of commissioners acts in such matters as the construction of ditches in a political rather than a judicial capacity, and that body also in such action is clothed with such powers only as the statutes afford.” See, also, State, ex rel. Godfrey, a Taxpayer, v. O’Brien, Treas., 95 Ohio St., 166, 115 N. E., 25, and State, ex rel. Ranz, v. City of Youngstown, supra.
A county is purely a political subdivision, an agency or instrumentality of the state and is clothed with the same sovereign immunity from suit.
Thus, in the absence of statutory authorization therefor, a county or its agencies are immune from suit for negligence.
The judgment of the Court of Appeals so far as it reverses the judgment of the Court of Common Pleas and remands the cause for further proceedings according to law is hereby reversed.

Judgment reversed in part.

Weygandt, C. J., Zimmerman, Bell and Peck, JJ., concur.
Herbert, J., not participating.